UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-37(1)(DSD)

United States of America,

        Plaintiff,

v.                                    **ORDER**

Jeffery J. Thigpen,,

        Defendant.


This matter is before the court upon the pro se motions for RAT STAT[S] and for aquitall [sic] by Jeffery Thigpen. Thigpen, however, has exhausted his direct and collateral appeals and is no longer in custody or under supervision. See United States v. Thigpen, 85 F. App'x 541, 541 (8th Cir. 2004); see also ECF Nos. 176, 181, 190, 198. Therefore, no case or controversy is before the court. See U.S. Const. art. III, § 2, cl. 1.

Moreover, these motions fail even if they were properly before the court. To establish that a Brady violation undermines a conviction, a defendant must show: "(1) the evidence at issue is favorable to the accused, either because it is exculpatory, or because it is impeaching;" (2) the government "suppressed the evidence, either willfully or inadvertently"; and (3) "prejudice ... ensued." Skinner v. Switzer, 131 S. Ct. 1289, 1300 (2011). Prejudice exists "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Strickler v. Greene, 527

U.S. 263, 281 (1999). Thigpen's conclusory allegation fails to show that any evidence is even at issue and fails to make any of the three requisite showings. Accordingly, **IT IS HEREBY ORDERED** that the motions [ECF Nos. 201 & 202] are denied as moot.

Dated: August 15, 2012

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court